UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MATHEWS,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 24-cv-00272-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 69 |

Before the Court is Defendant Apple Inc.'s second motion to dismiss. ECF No. 69. The Court will deny the motion.

## I. BACKGROUND

### A. Factual Background

For the purpose of deciding this motion, the Court accepts as true the following allegations from Plaintiff Michael Mathews's amended complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

On December 23, 2023, in Scottsdale, Arizona, Mathews was pickpocketed. ECF No. 66 ¶ 21. The thieves took his iPhone and, within minutes, had hacked into it and locked Mathews out of his AppleID and iCloud accounts. *Id.* Among the data Mathews had stored in his Apple accounts were "Social Security numbers, passport data, credit cards, bank accounts, brokerage accounts," "work files, research, tax returns, photos, music," and "30 years-worth of work-product that is the foundation for Mathews's business." *Id.* ¶¶ 1, 22–23.

Mathews alleges that the hackers were able to lock him out of his accounts because of "a known flaw in Apple's data security"—namely, Apple's "Recovery Key" feature. *Id.* ¶ 2. The Recovery Key is "a randomly generated 28-character code that is required to regain access to an

1  AppleID." *Id.* ¶ 17. "Even if a user has the Recovery Key set to their desired 28-character code, a
2  hacker need only obtain access to the Apple device using the pin to gain access and create a
3  Recovery Key or replace an existing Recovery Key directly on the device." *Id.* ¶ 19. Once a
4  hacker sets or resets a Recovery Key, they "can effectively lock a person out of their Apple
5  accounts and use the information stored in the victim's Apple accounts to steal from the victim,
6  open fictitious accounts in [the victim's] name, and block the victim from gaining access to the
7  accounts." *Id.* ¶ 17. "Apple's policy gives the owner of the Apple ID virtually no way back into
8  their accounts without the 'Recovery Key.'" *Id.* ¶ 4. After Mathews was pickpocketed and locked
9  out of his Apple accounts, he provided Apple with information to verify his identify and his
10 ownership of the accounts, but "Apple flatly refuses to provide Mathews with access to his
11 accounts and data." *Id.* ¶ 24.

### B. Procedural History

On January 16, 2024, Mathews filed his original complaint in this action. ECF No. 1. He alleged nine causes of action: (1) invasion of privacy, (2) conversion, (3) trespass to chattels, (4) civil theft under California Penal Code § 496(c), (5) unjust enrichment, (6) intentional infliction of emotional distress (IIED), (7) negligent infliction of emotional distress, (8) civil conspiracy, and (9) violations of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.* ECF No. 1 ¶¶ 31–97.

Apple filed its first motion to dismiss on July 15, 2024, ECF No. 38. The Court granted the motion to dismiss with respect to Mathews's claims for invasion of privacy, IIED, negligent infliction of emotional distress, civil conspiracy, and "unlawful" and "fraudulent" UCL violations. ECF No. 62. The Court denied the motion as to Mathews's claims for conversion, trespass to chattels, civil theft, unjust enrichment, and violation of the "unfair" prong of the UCL. *Id.* The Court granted leave to amend all dismissed claims. ECF No. 62 at 18.

Mathews filed an amended complaint on January 17, 2025. ECF No. 66. He alleges six causes of action: (1) conversion, (2) trespass to chattels, (3) civil theft, (4) unjust enrichment, (5) intentional infliction of emotional distress, and (6) violations of the UCL.

Apple now again moves to dismiss Mathews's claim for IIED. ECF No. 69. Mathews

1  opposes the motion, ECF No. 70, and Apple has filed a reply. ECF No. 71. On March 31, 2025,
2  the Court took the matter under submission without a hearing. ECF No. 72.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

Under California law, a cause of action for intentional infliction of emotional distress (IIED) exists when: (1) there is extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffers severe or extreme emotional distress; and (3) the defendant's outrageous conduct actually and proximately caused the plaintiff's emotional distress. *Hughes v. Pair*, 46 Cal. 4th

3

1035, 1050–51 (2009) (citations and internal quotation marks omitted).

Apple argues that Mathews still has not sufficiently pled a claim for IIED because Mathews fails to allege facts sufficient to show (1) that Apple intended to cause him harm and (2) that Mathews suffered recoverable damages.

### A.  Intent

Apple argues that "[w]here [an IIED] claim is based on a defendant's failure to act, a plaintiff must allege that the defendant specifically 'intend[ed] to cause injury to plaintiff'" and that Mathews thus fails adequately to plead IIED.  ECF No. 69 at 9–12 (quoting *Atkinson v. United States*, No. 14-CV-16 (JLS) (JMA), 2016 WL 9455261, at *8 (S.D. Cal. Jan. 4, 2016) (emphasis added), *aff'd sub nom. Atkinson v. United States Gov't*, 692 F. App'x 830 (9th Cir. 2017)).  Mathews responds that the Court already found that Mathews adequately pled the intent element of IIED in its order on Apple's first motion to dismiss and "Apple should not be permitted to reargue the issues already decided by this Court."  ECF No. 70 at 7.  Mathews further observes that the Court addressed similar "action versus inaction" arguments raised by Apple in its first motion with respect to claims other than IIED.[1]  *Id.*

In any event, the Court has already found that Mathews alleges more than a failure to act by Apple.  The Court found, for example, that Mathews alleges that Apple continues to refuse him access to his account, despite Mathews informing it that his account has been hacked and he has

---

[1] The Court notes that, although this is Apple's second motion to dismiss, it raises several new arguments which were equally available to it when Apple filed its first motion to dismiss.  Federal Rule of Civil Procedure 12(g) "generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity."  *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, 247 F. Supp. 2d 987, 999 (N.D. Ill. 2002); *see also Northstar Fin. Advisors Inc. v. Schwab Investments*, 135 F. Supp. 3d 1059, 1068–69 (N.D. Cal. 2015), *reversed in part on other grounds,* 904 F.3d 821 (9th Cir. 2018) ("Defendants seek to assert 'a defense . . . that was available . . . but omitted from [an] earlier motion" to dismiss. . . .  Defendants are foreclosed from doing so because of Rule 12(g)(2) and Rule 12(h)(2)" (quoting Fed. R. Civ. P. 12(g)(2)).  But as this Court has previously noted, the Ninth Circuit has adopted "a more flexible and efficiency-oriented view of a district court's ability to review arguments offered for the first time in a second motion to dismiss."  *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 1456678, at *2 (N.D. Cal. Mar. 23, 2018) (citing *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017)).  Following that view, the Court opts to consider Apple's new arguments here because otherwise Apple "would simply . . . wait[] until later in the litigation to file a different motion, thereby delaying resolution of the proceeding with no corresponding benefit."  *In re Apple*, 846 F.3d at 318.

1   been locked out. ECF No. 62 at 11; *see also id.* at 9–10 ("Apple's alleged design and maintenance
2   of an account security system that disabled Mathews's access to his own data and information,
3   after that data and information have been stolen from Mathews by criminal actors, is an
4   affirmative act . . . ."). Because the conduct alleged in the complaint is best characterized as
5   affirmative conduct, Mathews need only plead that Apple intended the injury or recklessly
6   disregarded the risk of injury. He meets that bar by alleging that Apple is knowingly withholding
7   his information from him. The cases the Court has reviewed suggest that the Court may infer
8   intent, or at least reckless disregard, from conduct that is sufficiently likely to cause emotional
9   distress when such distress would be the natural and probable consequence of the defendant's
10  actions. *See, e.g., Roberts v. California Dep't of Corr.*, No. 2:13-CV-07461-ODW, 2014 WL
11  879808, at *3 (C.D. Cal. Mar. 5, 2014) ("Being stabbed multiple times is likely to cause emotional
12  distress."); *Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1006 (E.D. Cal. 2015) (allegations of
13  retaliation are sufficient to infer intent to injure); *Fernandez v. Penske Truck Leasing Co., L.P.*,
14  No. 2:12-CV-295 JCM GWF, 2012 WL 1832571, at *3 (D. Nev. May 18, 2012) (court can infer
15  defendant's intent to injure from its reporting a vehicle stolen by the plaintiff when vehicle was
16  actually the subject of a contract dispute); *Brown v. Sweetwater Union High Sch. Dist.*, No. 24-
17  CV-0493 W (MMP), 2025 WL 525111, at *8 (S.D. Cal. Feb. 18, 2025) (failure to address eight
18  incidents of racism in three years is sufficient to infer reckless disregard of emotional distress);
19  *Coleman v. Telles*, No. 2:24-cv-00930-APG-MDC, 2025 WL 415852, at *3 (D. Nev. Feb. 5, 2025)
20  (court can infer reckless disregard of injury from false allegations of bribery and sexual
21  harassment); *see also* ECF No. 66 ¶¶ 24, 63. Accordingly, the Court finds Mathews has properly
22  pled the requisite intent for the purpose of his IIED claim.

### B.  Emotional Distress

Apple raises four arguments with respect to Mathews's allegations regarding the extent of his emotional distress. The Court addresses each argument in turn.

#### 1.  Physical Injury or Intentional Invasion of Mental Tranquility

First, Apple argues that physical injury is a "requirement" to plead IIED and that "[a]n exception exists where a plaintiff alleges that the defendant engaged in 'extreme and outrageous

5

intentional invasions of one's mental and emotional tranquility'" because that allegation "'serves to insure that the plaintiff experienced serious mental suffering and convinces the courts of the validity of the claim.'" ECF No. 69 at 12–13 (quoting *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 927 (1980)).

Apple neglects to mention another exception identified by *Molien*: "when the plaintiff asserts an independent cause of action apart from personal injury." *Id.* at 927 (providing, as an example, that "in a suit against an insurer for damages resulting from its wrongful refusal to settle a claim . . . the plaintiff was permitted to recover for mental distress as well as for pecuniary loss"). Here, the Court has already denied Apple's motion to dismiss with respect to Mathews's claims for conversion, trespass to chattels, civil theft, unjust enrichment, and violations of the UCL's "unfair" prong. ECF No. 62. These are "independent cause[s] of action apart from personal injury." Accordingly, the Court rejects Apple's argument that Mathews needs more to "convince the Court of the validity of his claim."

### 2. Nature and Extent of Emotional Distress

Second, Apple contends that Mathews's "assertions of 'loss of relationships, loss of identity, and reputation' are too conclusory and generalized to satisfy Rule 12(b)(6)." ECF No. 69 at 13–14 (quoting ECF No. 66 ¶ 64). But the cases it cites are inapposite. For instance, in *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159 (E.D. Cal. 2013), the court held that the plaintiff's conclusory statements that he suffered "pain, grief, shame, humiliation, embarrassment, anger, disappointment, depression, sleeplessness, anxiety, disappointment, damage to reputation, and worry" "lack[ed] specific facts to show their nature and extent." *Id.* at 1172. And in *Hamilton v. Prudential Financial*, No. 2:07-cv-00944-MCE-DAD, 2007 WL 2827792 (E.D. Cal. Sept. 27, 2007), the court found that plaintiff's barebones allegations that he suffered "depression," "frustration," "nervousness and anxiety" "lack[ed] the necessary specific facts to show their nature and extent." *Id.* at *4.

In contrast, Mathews alleges not just emotional distress but also specific facts regarding that emotional distress—for instance, that he suffers "depression and anxiety over the lost access to his accounts, the mounting bills and depleted income due to the inability to access valuable

business records; and the ability to provide for his family," as well as "grief over the inability to access family photos, communications, and memories and worries over the loss of irreplaceable photos and memorabilia" and "fears [regarding] the exposure of his sensitive personal information." ECF No. 66 ¶ 64. This amounts to a sufficient showing of "the nature or extent of any mental suffering incurred as a result of the defendant's alleged outrageous conduct." *Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988).

### 3.     Economic and Property Loss

Next, Apple argues that "[t]he gravamen of Plaintiff's injury is the emotional distress resulting from allegedly losing his business and then his home" and that "under California law, distress resulting from economic loss and loss of property distress is not the type of 'extreme emotional injury' giving rise to cognizable damages for IIED." ECF No. 69 at 14 (citations omitted). Mathews responds that "[t]he Court has already rejected Apple's arguments in this regard" in its order on Apple's first motion to dismiss. ECF No. 70 at 12 (citing ECF No. 62 at 6). Apple's reply does not respond to this argument or otherwise explain how the Court's ruling regarding the economic loss rule with respect to Mathews's privacy, conversion, trespass to chattels, negligent infliction of emotional distress, and civil conspiracy claims would not apply with equal force to his IIED claim. *See* ECF No. 71 at 9. Apple's motion on this ground is denied.

### 4.     Proximate Causation and Foreseeability

In its first motion to dismiss, Apple argued that Mathews failed to allege proximate causation because the criminal conduct of the hackers who stole Mathews's phone operated as a superseding cause of harm. ECF No. 38 at 21. The Court considered and rejected that argument. ECF No. 62 at 7–8. Apple now again contends that Mathews fails to plead proximate causation, this time arguing that Mathews fails to allege facts showing that his injuries were foreseeable. ECF No. 69 at 14–15.

Mathews alleges that Apple sells devices and provides services, including iCloud, to consumers. ECF No. 66 ¶ 13. Users save their own data to iCloud, and Apple has no "ownership or property rights to . . . the data the consumer saves to iCloud." *Id.* ¶ 14. Further, Apple provides

7

1  a service known as "iCloud Key Chain," to which users save "website userID[s] and password[s]."
2  *Id.* ¶ 22.  Apple's argument that "Plaintiff does not allege that Apple was even aware that Plaintiff
3  stored business information in his iCloud account," ECF No. 69 at 15, is essentially an argument
4  that Apple could not have foreseen the extent of the harm to Mathews.  "Significantly, what is
5  required to be foreseeable is the general character of the event or harm . . . not its precise nature or
6  manner of occurrence." *Doe v. Apple, Inc.*, No. 24-cv-05107-NW, 2025 WL 1266928, at *9 n.4
7  (N.D. Cal. May 1, 2025) (quoting *Chanda v. Fed. Home Loans Corp.*, 215 Cal. App. 4th 746, 755
8  (2013)).  "[T]he fact that the actor neither foresaw nor should have foreseen *the extent of the harm*
9  or the manner in which it occurred does not prevent him from being liable." *Gibson v. Garcia*, 96
10 Cal. App. 2d 681, 685 (1950) (quoting Restatement of Torts § 435) (emphasis added).

**CONCLUSION**

For the foregoing reasons, Apple's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated:  June 2, 2025



JON S. TIGAR
United States District Judge